# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIA ALI, on behalf of herself and all similarly aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>SETTON PISTACHIO OF TERRA BELLA, INC. and DOES 1 through 100, inclusive,<br><br>Defendants. | 1:19-cv-00959-LJO-BAM<br><br>**ORDER FOR SUPPLEMENTAL DECLARATIONS RE MOTION TO REMAND**<br><br>(ECF NO. 7) |

## I. INTRODUCTION & BACKGROUND

Before the Court is Lilia Ali's ("Plaintiff") motion to remand to state court (ECF No. 7). Plaintiff's lawsuit was originally filed on April 27, 2016 in Tulare County Superior Court alleging wage violations under California Law. ECF No. 1, Complaint, at 1. Plaintiff subsequently amended the complaint on August 1, 2016. ECF No. 1, First Amended Complaint ("FAC"), at 14. On July 12, 2019, Defendant, Setton Pistachio of Terra Bella, Inc., ("Defendant" or "Setton") filed a notice of removal to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1. Plaintiff asserts that the lawsuit must be remanded because Defendant's removal of the case was untimely. Defendant contends that the time to remove the case has not expired or begun to run because minimal

1

diversity of citizenship was not readily apparent on the face of the complaint or the FAC. Similarly, the parties dispute when the amount in controversy was disclosed to Defendant. Plaintiff asserts that the amount in controversy was disclosed during mediation on June 28, 2017 in the form of a "damages model" provided to Defendant. Nourmand Decl., ECF 7-2 ¶ 2. Defendant contends that it never received this document and that it only learned of the amount in controversy in an email from defense counsel on June 14, 2019. Raimondo Decl., ECF No. 9-3 ¶¶ 3-4; ECF No. 1, at 2. The parties do not otherwise dispute that the requirements under CAFA for removal are met.

To resolve the factual dispute on the issue of timeliness, the Court orders Plaintiff to file a declaration, and for Defendant to file a responsive declaration, consistent with this order.

## II. <u>LEGAL STANDARD</u>

28 U.S.C. § 1441(a) provides that civil actions brought in state court may be removed when the district courts of the United States have original jurisdiction.

CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy, minimal diversity, and numerosity requirements set forth in 28 U.S.C. § 1332(d). *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015)

Where a party seeks to invoke federal jurisdiction under CAFA, the party must show (1) minimal diversity—that at least one plaintiff is diverse in citizenship from any defendant, (2) the putative class is comprised of at least 100 members, and (3) that the amount in controversy exceeds $5,000,000 exclusive of costs and interest. 28 U.S.C. §§ 1332(d)(2) and (5); *Ibarra*, 775 F.3d at 1195. The party seeking removal bears the burden of establishing federal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). This burden remains unchanged when a party seeks removal under CAFA jurisdiction. *Id.* at 685.[1] "[N]o antiremoval presumption attends cases invoking CAFA, a statute

---

[1] Citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007), Defendant contends that Plaintiff carries the burden of proof when seeking remand to state court. To the contrary, the Ninth Circuit has acknowledged that under CAFA, "the party seeking federal jurisdiction on removal bears the

2

Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 82 (2014).

A case becomes removable pursuant to CAFA when the ground for removal is first disclosed, and the case may be removed within 30 days after receipt of such disclosure. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). If a notice of removal is filed after the 30-day window, it is untimely and remand to state court is appropriate. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). In other words, the 30-day clock starts as soon as the initial pleading, amended pleading, motion, order, or other paper reveals that the amount in controversy exceeds $5,000,000, the putative class is 100 members or more, and at least one plaintiff is diverse in citizenship from any defendant.

### III. <u>ANALYSIS</u>

The question presented is whether the "damages model," purportedly given to Defendant during mediation in June 2017 constitutes an "other paper" that placed Defendant on notice that the case was removable. Next, if the document constitutes an "other paper," the Court must determine whether it was received by the Defendant, "through service or otherwise . . . ." 28 U.S.C. § 1446(b)(3).

While the term "other paper" is not defined in the statute, courts within the Ninth Circuit have interpreted this term broadly. *Rynearson v. Motricity, Inc.*, 626 F. Supp. 2d 1093, 1097 (W.D. Wash. 2009) ("The type of document that constitutes an 'other paper' for the purpose of the statute is broad,

---

burden of establishing that jurisdiction." *Abrego*, 443 F.3d at 686. A party seeking remand based on an exception to CAFA bears the burden to prove the exception applies, *Serrano*, 478 F.3d at 1024, but Plaintiff is not asserting an exception, instead she argues that the notice of removal was untimely.

3

reflecting courts' 'embracive construction' of the term."); *see also Thomas v. CVS Health Corp.*, No. 2:19-CV-04283-R-FFM, 2019 WL 3526344, at *2 (C.D. Cal. Aug. 1, 2019).

Tasked with interpreting the term "other paper" in § 1446(b)(3), the First Circuit utilized canons of statutory interpretation, the case law of other circuits, and the legislative history of CAFA to conclude that Congress intended a "broad interpretation of 'other paper' adopted by some courts to include deposition transcripts, discovery responses, settlement offers and other documents or occurrences that reveal the removability of a case." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 78 (1st Cir. 2014) (internal quotation marks omitted). Under this reasoning, the *Romulus* Court held that email correspondence from the plaintiff to the defendant concerning damages can constitute an "other paper." *Id.*

A settlement letter sent in advance of mediation has been deemed an "other paper" under § 1446(b). *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007). In *Babasa*, the Ninth Circuit held that the plaintiff's pre-mediation settlement letter constituted § 1446 notice because the letter estimated damages at $9.5 million supported by details of the injuries. 498 F.3d at 973-75. In *Jiminez v. Sears, Roebuck & Co.*, 2010 WL 653548 at *2-*3 (C.D. Cal. Feb. 18, 2010), the district court held that an oral statement was not an "other paper," but acknowledged, "[s]ettlement letters or other documents provided during mediation may form a basis for removal."

Similarly, deposition testimony can be considered an "other paper" within the meaning of § 1446(b). *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010). In *Carvalho*, the Ninth Circuit held that the plaintiff's answer during her deposition put the defendant on notice that the amount in controversy was met. *Id.*

In addition, one other district court held that a declaration filed by a codefendant which revealed the amount in controversy was an "other paper" under § 1446(b). *Vagle v. Archstone Communities, LLC*, No. CV 14-03476 RGK AJWX, 2014 WL 2979201, at *7 (C.D. Cal. July 1, 2014).

On the other hand, several courts have held that oral statements cannot be construed as an "other

paper." *MacKinnon v. IMVU, Inc.*, 2012 WL 95379, at *1-*2 (N.D. Cal. Jan. 11, 2012); *see also Jiminez*, 2010 WL 653548, at *3. In *MacKinnon*, the district court held that an in-court, off-the-record oral statement which averred damages of up to $10 million did not give the defendant notice of removability under § 1446. As a preliminary mater, the court determined that by its express terms § 1446(b) does not apply to oral statements. *MacKinnon*, 2012 WL 95379, at *1. In siding with the plaintiff, the court reasoned that under § 1446(b) the amount in controversy is to be "ascertained from a "verifiable 'paper' document" and that oral statements are not a sufficient basis to ascertain removability since such statements are not "objectively verifiable." *Id.* at *2.

Likewise, pleadings filed in a separate, distinct case, in which the parties are not the same does not qualify as an "other paper" under § 1446. *Rynearson*, 626 F. Supp. 2d at 1097. An affidavit created by the defendant and based on the defendant's subjective knowledge was likewise deemed not to be an "other paper." *S.W.S. Erectors v. Infax*, 72 F.3d 489, 491, 494 (5th Cir. 1996).

**A.    The damages model constitutes an "other paper" for purposes of § 1446(b).**

Plaintiff relies on *Babasa*, 498 F.3d at 975, claiming that the "damages model" constituted sufficient § 1446 notice of the amount in controversy.

"[N]otice of removability is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). An objective baseline rule of evaluating the four corners of the pleadings or papers avoids collateral litigation over whether the pleadings contained a sufficient clue of removability, whether the defendant had subjective knowledge, and whether the defendant conducted sufficient inquiry. *Id.* at 697. A defendant has an obligation to "apply a reasonable amount of intelligence in ascertaining removability," such as "[m]ultiplying figures clearly stated in a complaint . . ." *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

In the present case, the damages model contains six categories of claims: uneven rounding, regular rate of pay, meal and rest break violations, derivative claims (including wage statement

5

violation), interest, and Private Attorneys General Act (PAGA) civil penalties. ECF No. 7-2, Exhibit 1. Under each category, Plaintiff gives a brief description of the claim and calculates the Defendant's exposure under the claim. *Id.* For instance, under "Uneven Rounding," the document outlines the calculations and then states: "Total Exposure for Uneven Rounding $623,361.68." *Id.*

The following is a summary of the totals provided in the damages model:

Total Exposure for Uneven Rounding = $623,361.68
Total Exposure for Regular Rate of Pay = $72,518.85
Total Exposure for Meal Break Violations = $3,244,730.54
Total Exposure for Rest Break Violations = $1,337,000.92
Wage Statement Violation – April 27, 2015 to the present = $5,204,000
Waiting Time Penalties – April 27, 2013 to the present = $3,816,446.40
Total Exposure for Interest for Unpaid Wages = $527,761.20
PAGA penalties = $10,683,400

Total Damages = $25,509,219.59 exclusive of attorney fees and costs.

ECF No. 7-2, Ex. 1, at 1-3.

Defendant argues that, even assuming it had notice of the damages model, the meal and rest break calculations are not alleged in the FAC so these figures cannot be included in the total. ECF No. 9, at 10-11. In this way, Defendant suggests that the damages model was not capable of putting it on notice of removability. But, even when the meal and rest break totals are not considered, the total amount of damages is well over the amount in controversy. The FAC does allege a wage statement violation, ECF No. 1, FAC, at 10-11, and the damages calculation based upon that claim alone exceeds $5 million.

Defendant relatedly suggests that, again assuming it had notice of the damages model, the amount disclosed in the damage model "was completely unreasonable" at that time. ECF No. 9 at 10. Among other things, Defendant suggests that the class allegations "were never as strong as boldly presented at the mediation." *Id*. But, Defendant fails to explain why the damages calculation was so "completely unreasonable" at the time of mediation, but nonetheless provides the primary basis for its calculation of damages in its notice of removal. ECF No. 1 at 5. Accordingly, the Court finds Defendant has failed to demonstrate that the damages model was so unreasonable as to have been incapable of

putting it on notice.

In light of the broad interpretation of the term "other paper" embraced by the Ninth Circuit, the damages model constitutes sufficient § 1446 notice. The document is akin to the settlement letter in *Babasa,* which put the defendant on notice that the case was removable. Unlike the oral statements that were not considered "other papers," the damages document is a tangible item that was purportedly given to Defendant during mediation. The fact that the amount in controversy exceeds the $5 million limit is clear from the face of the document. By applying a reasonable amount of intelligence to determine removability, Defendant could have clearly determined from this document that the amount in controversy was satisfied.

**B.    There is a factual dispute about whether the defendant received the document by service or otherwise.**

Plaintiff's counsel claims to have provided the "'damages model' to the mediator and defense counsel" at the June 28, 2017 mediation. Nourmand Decl., ECF No. 7-2 ¶ 2. Defense counsel claims that the defense never received the damages model at the June 2017 mediation. ECF No. 9, at 9; Raimondo Decl., ECF No. 9-3 ¶¶ 3-4. Instead, Anthony Raimondo, counsel for Defendant at the time of the June 2017 mediation, stated that he received a $25 million demand communicated by the mediator, but that the mediator indicated he could not understand the Plaintiff's calculation of damages. ECF No. 9-3 ¶ 3. In addition, Mr. Raimondo contends that the mediator never provided him with the damages model. *Id.* Because Defendant considered the demand unreasonable and outrageous, the mediation ended early in the day. *Id.* ¶ 4. Moreover, Mr. Raimondo reviewed his file in this case and found no such document, a document he claims he would have kept because of its importance in evaluating Plaintiff's claims. *Id.*

A motion to remand for lack of subject matter jurisdiction is the functional equivalent of a motion to dismiss on the same ground under Federal Rule of Civil Procedure 12(b)(1). *Christmas v. Union Pac. R.R. Co.*, 698 F. App'x 887, 893 (9th Cir. 2017) (citing *La. Mun. Police Emps. Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016); *CopyTele, Inc. v. E Ink Holdings, Inc.*, 962 F. Supp. 2d

1130, 1135-36 (N.D. Cal. 2013)).

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a claim for lack of subject matter jurisdiction. On such a motion, the moving party may attack the pleadings on their face or present extrinsic evidence for the court's consideration. *Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1172 (C.D. Cal. 2011) *citing White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (noting that Rule 12(b)(1) jurisdictional attacks "can be either facial or factual."). A district court must determine whether an attack is facial or factual, as this determination governs the scope of the court's review. *See Kohler*, 818 F. Supp. 2d at 1172. When deciding a Rule 12(b)(1) motion that attacks the complaint on its face, a court "must accept the allegations of the complaint as true." *Id.* (citing *Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993) *aff'd*, 56 F.3d 1177 (9th Cir. 1995)). But when a Rule 12(b)(1) motion raises a factual attack, a court may weigh the evidence presented and determine the facts in order to evaluate whether they have power to hear the case. *Id.* (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)); *see also White*, 227 F.3d at 1242 (under a factual attack, the court need not presume the truthfulness of plaintiff's allegations); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

### 1. **Defendant's objection to evidence in Nourmand Declaration is well-taken.**

Defendant filed an objection to Mr. Nourmand's assertion that he "provided a 'damages model' to the mediator and defense counsel," claiming the assertion lacks foundation under Federal Rules of Evidence 101 and 602. ECF No. 9-4, at 2. Defendant contends that Mr. Nourmand's declaration does not set forth facts about how Mr. Nourmand has knowledge that Defendant received the damages model when the parties were separated from each other during the mediation. ECF No. 9-4, at 2; Raimondo Decl., ECF No. 9-3 ¶ 2.

Only admissible evidence may be considered by the trial court in ruling on a fact-based motion

to dismiss. *See* Fed. R. Evid. 101 (The Federal Rules of Evidence apply in all proceedings before the United States courts), 1101 (listing certain exceptions to Rule 101, none of which apply here); *See also Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

Federal Rule of Evidence 602 provides that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Mr. Raimondo asserts that the parties were separated during the June 2017 mediation and that defense counsel only spoke directly with the mediator. ECF No. 9-3 ¶ 2. Plaintiff's briefing and Mr. Nourmand's declaration do not attempt to dispute this fact. *See* ECF Nos. 7, 7-2, 13. If defense counsel and Plaintiff's counsel never met, then Mr. Nourmand's declaration that defense counsel received the damages model would lack foundation.

In light of this factual dispute, the Court orders Plaintiff to file a declaration to clarify its assertion that Plaintiff's counsel "provided a 'damages model' to the mediator and defense counsel." ECF No. 7-2 ¶ 2. Did Plaintiff's counsel merely give the document to the mediator or did Plaintiff's counsel give the document directly to defense counsel? Resolving this issue is integral to determining whether the damages model was received by Defendant.

**C.    The Court is unable to determine when the Defendant became aware that minimal diversity existed.**

The Court next turns to the issue of when the Defendant discovered the existence of minimal diversity.[2] In the present case, Setton claims it learned from its own investigation that the case satisfied the CAFA requirements of minimal diversity. Cohen Decl., ECF No. 1-3, at 2 ("I estimate that over Seventy-Five [75%] of SETTONS' workers are not citizens of California and at least one employee(s) is

---

[2] Neither party disputes that the putative class contains at least 100 members. ECF No. 1, FAC ¶ 17 ("Plaintiff is informed and believes that there are over seven hundred Class Members employed by Defendants . . ."); ECF No. 1, Notice of Removal, at 4; *See* 28 U.S.C. § 1332(d)(5)(B). Accordingly, this fact was disclosed in the FAC and does not affect the timeliness analysis.

a citizen of a foreign country.").

Plaintiff does not contest the existence of minimal diversity of citizenship and instead argues only that the notice was untimely. ECF No. 7, Memo and Points of Authorities, at 2-4; ECF No. 13, at 4-6. Plaintiff argues that Defendant failed to provide evidence that it timely removed after discovering the class members' citizenship—and at the latest—Defendant knew of the class members' citizenship when the class list was disclosed on December 26, 2017. ECF No. 13, at 4-5.

The exact date that Defendant conducted the investigation of the class members' citizenship will only be relevant to the timeliness analysis depending on when the amount in controversy was disclosed. If the court determines that the damages model was received by the Defendant at the June 2017 mediation, then the 30-day clock would have started on the date that minimal diversity was disclosed or discovered by Defendant.

If a defendant is relying on its own investigation as to when it discovered the case to be removable, the date the defendant discovered removability through its own investigation is "not only necessary to satisfy defendant's removal burden but will also prevent gamesmanship and bad faith removals." *Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1128 (C.D. Cal. 2016).

The Defendant has not established the date when it purportedly learned through its investigation that minimal diversity was present. If the Defendant contends that the 30-day period initiated when it discovered the existence of minimal diversity, then Defendant will need to present evidence of this date because the burden of proof remains with the Defendant to demonstrate that the notice of removal is timely. *Silva v. ER Sols., Inc.*, No. CV 09-3365 PA PJWX, 2009 WL 1459679, at *1 (C.D. Cal. May 22, 2009) ("As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal . . .").

### IV. CONCLUSION AND ORDER

Within fourteen (14) days of the date of this order, Plaintiff shall file a supplemental declaration addressing the manner by which the damages model was provided to Defendant. Thereafter, Defendant

shall have ten (10) days from the date of service of Plaintiff's declaration, or ten (10) days from the date Plaintiff's declaration is due if no declaration is filed, to file a responsive declaration. In addition to responding to Plaintiff's declaration, Defendant shall address the date that Defendant learned from its own investigation that minimal diversity was present.

IT IS SO ORDERED.

Dated: **November 18, 2019**        **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE