# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LILIA ALI, on behalf of herself and all similarly aggrieved employees,**<br><br>Plaintiff,<br><br>v.<br><br>**SETTON PISTACHIO OF TERRA BELLA, INC. and DOES 1 through 100, inclusive,**<br><br>Defendants. | 1:19-cv-00959-LJO-BAM<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>(ECF NO. 7) |

## I. INTRODUCTION & BACKGROUND

Before the Court is Lilia Ali's ("Plaintiff") motion to remand to state court. ECF No. 7. Plaintiff's lawsuit was originally filed on April 27, 2016 in Tulare County Superior Court alleging wage violations under California Law. ECF No. 1, Complaint, at 1. Plaintiff subsequently amended the complaint on August 1, 2016. ECF No. 1, First Amended Complaint ("FAC"), at 14. On July 12, 2019, Defendant, Setton Pistachio of Terra Bella, Inc. ("Defendant" or "Setton"), filed a notice of removal to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1. Plaintiff asserts that the lawsuit must be remanded because Defendant's removal of the case was untimely. Defendant contends that the time to remove the case has not expired or begun to run because minimal diversity of citizenship was not readily apparent on the face of the complaint or the FAC. Similarly, the parties dispute when the amount in controversy was disclosed to Defendant. Plaintiff asserts that the amount in controversy was disclosed during mediation on June 28, 2017 in the form of a "damages model" provided to Defendant. Nourmand Decl., ECF 7-2 ¶ 2. Defendant contends that it never received

this document and that it only learned of the amount in controversy in an email from defense counsel on June 14, 2019. Raimondo Decl., ECF No. 9-3 ¶¶ 3-4; ECF No. 1, at 2. The parties do not otherwise dispute that the requirements for removal under CAFA are met.

To resolve the factual dispute on the issue of timeliness, the Court ordered Plaintiff to file a declaration and for Defendant to file a responsive declaration. ECF No. 32, at 10-11. Similarly, the Court required Defendant to address the date which Defendant learned from its own investigation that minimal diversity was present. *Id.* at 11.

Plaintiff filed a supplemental declaration of attorney Michael Nourmand on December 2, 2019. ECF No. 34. Defendant filed a supplemental declaration of attorney Anthony Raimondo on December 10, 2019. ECF No. 25. General Manager of Setton, Lee Cohen, filed a declaration on December 10, 2019. ECF No. 36. The Court has reviewed the supplemental declarations and a decision is suitable on the papers without oral argument under Local Rule 230(g).

**A.     Summary of the Supplemental Declarations**

In his declaration, Nourmand states that he gave two copies of the damages model to the mediator and informed the mediator that he could give one to defense counsel. ECF No. 34, ¶¶ 3-4. The mediator returned with only one copy and told Nourmand that he gave one copy to defense counsel. ECF No. 34, ¶ 5. Raimondo responds in his supplemental declaration that he objects to the hearsay statements contained in Nourmand's declaration by the mediator. ECF No. 35 ¶ 3. Raimondo again reiterates that he does not recall receiving the damages model and that it is not contained in his file on the case. *Id.* ¶¶ 4, 6. Raimondo claims that it is his practice to maintain all documents produced and received during mediations and a document detailing damages would be in his file if he received it. *Id.* ¶ 6. Cohen's declaration corroborates Raimondo's version of events. ECF No. 36. Cohen, who was present at the mediation, avers that they never received a copy of the damages model. *Id.* ¶ 4.

## II. LEGAL STANDARD

28 U.S.C. § 1441(a) provides that civil actions brought in state court may be removed when the

district courts of the United States have original jurisdiction. CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy, minimal diversity, and numerosity requirements set forth in 28 U.S.C. § 1332(d). *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

Where a party seeks to invoke federal jurisdiction under CAFA, the party must show (1) minimal diversity—that at least one plaintiff is diverse in citizenship from any defendant, (2) the putative class comprises at least 100 members, and (3) that the amount in controversy exceeds $5,000,000 exclusive of costs and interest. 28 U.S.C. §§ 1332(d)(2) and (5); *Ibarra*, 775 F.3d at 1195. The party seeking removal bears the burden of establishing federal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). This burden remains unchanged when a party seeks removal under CAFA jurisdiction. *Id.* at 685. "[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014).

A case becomes removable pursuant to CAFA when the ground for removal is first disclosed, and the case may be removed within 30 days after receipt of such disclosure. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). If a notice of removal is filed after the 30-day window, it is untimely and remand to state court is appropriate. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). In other words, the 30-day clock starts as soon as the initial pleading, amended pleading, motion, order, or other paper reveals that the amount in controversy exceeds $5,000,000, the putative class is 100 members or more, and at least one plaintiff is diverse in citizenship from any defendant. *See id.*; *Dart*, 574 U.S. at 84-85.

3

## III. ANALYSIS

**A.  Defendant never received the damages model.**

The Court finds that Defendant did not receive the damages model. Michael Nourmand claims that during the mediation, the mediator—Daniel Quinn—left the Plaintiff's room and Quinn told him that he gave one copy of the damages model to defense counsel. ECF No. 34 ¶¶ 4-5. Plaintiff urges this Court to consider Quinn's hearsay statement as proof that Defendant received the damages model. *Id.* ¶ 5 n.1. Plaintiff does not offer any further support of the mediator's statement. On the other hand, Anthony Raimondo, an officer of the court, represents that he was not provided the document. ECF No. 35 ¶ 4. Nourmand lacks personal knowledge that defense counsel actually received the damages model the day of the mediation. Accordingly, the Court finds, even when considering Quinn's hearsay statement, that Defendant did not receive the damages model at the June 2017 mediation.

Therefore, the amount in controversy was first disclosed in writing to the Defendant in an email summarizing Plaintiff's calculation of damages sent to attorney Steven Wainess on June 14, 2019. Wainess Decl., ECF No. 9-2, Exhibit A.

**B.  Even if the Defendant determined that minimal diversity was present prior to June 14, 2019, the notice of removal was still timely.**

Defendant has 30 days from the time that it may first be ascertained that the case is one which is or has become removable to file a notice of removal. 28 U.S.C. § 1446(b)(3). If Defendant learned that minimal diversity was present prior to receiving the June 14, 2019 email, then June 14 would be the date triggering the 30-day clock. On the other hand, if Defendant learned of minimal diversity by its own investigation after June 14, 2019, then it would have 30 days from the date it discovered this information to file the notice of removal. Lee Cohen states that he reviewed Setton's personnel files on July 1, 2019 and learned that at least one employee of the putative class was a citizen of a foreign nation working on a temporary work visa. ECF No. 36 ¶ 6. Setton is a citizen of the State of California. ECF No. 1, FAC ¶ 8; 28 U.S.C. § 1332(c)(1). This information establishes minimal diversity in the case. *See* 28 U.S.C. §

1332(d)(2)(B). Plaintiff contends that Defendant knew of the class members' citizenship upon receipt of the class list on December 26, 2017. ECF No. 13, at 5. Assuming, *arguendo*, that Defendant had notice of minimal diversity of citizenship as early as December 26, 2017, the amount in controversy was not disclosed until June 14, 2019. Therefore, the Court need not make a specific finding of when minimal diversity was disclosed by Plaintiff or discovered by Defendant. Plaintiff does not contest the existence of minimal diversity of citizenship. *See* ECF No. 13, at 5-6. Regardless of when minimal diversity was first disclosed or discovered, Defendant's notice of removal was timely based on the June 14, 2019 disclosure of the amount in controversy.

### IV. CONCLUSION

Plaintiff's motion to remand to state court is DENIED.

IT IS SO ORDERED.

Dated: **December 17, 2019**            /s/ Lawrence J. O'Neill
                                                     UNITED STATES CHIEF DISTRICT JUDGE