UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIA ALI, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SETTON PISTACHIO OF TERRA BELLA INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case   1:19-cv-00959-NONE-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SECOND MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES<br><br>(Doc. No. 42)<br><br>**FOURTEEN-DAY DEADLINE** |

This matter is before the Court on Plaintiff Lilia Ali's ("Plaintiff") Motion to Remand. (Doc. 42.) The Court deemed the matter suitable for resolution without oral argument and vacated the hearing set for March 2, 2020. Local Rule 230(g). Thereafter, the Motion was referred to the undersigned for issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). Having considered the parties' briefing and the entire record, for the reasons that follow, the Court recommends that Plaintiff's Motion to Remand be denied.

**I.     BACKGROUND**

Plaintiff originally filed this action in the Superior Court of California for the County of Tulare on April 27, 2016, naming Setton Pistachio of Terra Bella, Inc. as defendant

1

("Defendant"). (Doc. 1.)  On September 2, 2016, Plaintiff filed a First Amended Complaint asserting claims for: (1) Failure to pay overtime wages; (2) Failure to pay minimum wages; (3) Failure to pay all wages upon termination; (4) Failure to provide accurate wage statements; and (5) Unfair competition. (Doc. 1.)

Defendant removed the matter to this Court on July 12, 2019.  (Doc. 1.)  Defendant's notice of removal states that the matter was removed based on 28 U.S.C. § 1332(d) (the Class Action Fairness Act, or "CAFA"). (*Id.*) Defendant's notice of removal states that the Court has original jurisdiction over the matter pursuant to CAFA as (1) any member of the putative class is a citizen of a state different from the defendant, (2) the aggregate number of putative class members is 100 or greater, and (3) the aggregate amount in controversy exceeds the $5,000,000 minimum. (*Id.*)

On August 8, 2019, Plaintiff filed a Motion for Remand. (Doc. 7.) The sole issue raised by Plaintiff was the timeliness of Defendant's removal. (*Id.*) On December 18, 2019, the Court issued an Order Denying Plaintiff's Motion for Remand finding that Defendant's removal was timely. (Doc. 37.) On February 3, 2020, Plaintiff filed a second Motion for Remand, this time raising exceptions to CAFA. (Doc. 42.) Defendant filed an opposition on February 14, 2020, and Plaintiff replied on February 24, 2020. (Doc. Nos. 44, 45.) On May 14, 2020, Plaintiff filed a Notice of Supplemental Authority in Support of her Motion to Remand Action to State Court, and Defendant responded on May 21, 2020. (Doc. Nos. 47, 48.) On February 25, 2020, the Court took the matter under submission. (Doc. 46.) On December 11, 2020, the matter was referred to Magistrate Judge Barbara A. McAuliffe for the issuance of findings and recommendations. (Doc. 50.)

**II.     LEGAL STANDARD**

The Class Action Fairness Act provides that district courts shall have original jurisdiction over civil class actions where the amount in controversy exceeds five million dollars and "any member of a class of plaintiffs is a citizen of a state different from any defendant" or "any member of a class of plaintiffs is…a citizen or subject of a foreign state and any defendant is a citizen of a state." 28 U.S.C. § 1332(2). The purpose of CAFA was to prevent multistate or even

2

national class actions from being litigated in state court. *See Adams v. West Marine Prods.,* 958 F.3d 1216, 1220 (9th Cir. 2020). Congress, however, provided exceptions to CAFA to ensure that truly intrastate actions are litigated in state court. *Adams,* 958 F.3d at 1220.

The Class Action Fairness Act provides two exceptions for truly intrastate actions: (1) the local controversy exception and (2) the home state exceptions. 28 U.S.C. § 1332(d)(4). The exceptions are not jurisdictional. *Visendi v. Bank of America, N.A.,* 733 F.3d 863, 869-70 (9th Cir. 2013). Rather, courts treat the exceptions as a form of abstention, meaning that if the elements of the exception are met, the court must abstain from exercising jurisdiction. *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1023 (9th Cir. 2007).

Relevant here is the home state exception. There are two clauses of 28 U.S.C. § 1332(d) that have been called the home state exception. *See Adams,* 958 F.3d at 1220-21. (discussing that the "home state exception" accords two bases for remand: the first clause placing remand within the district court's discretion and the second requiring mandatory remand). The first home state exception, at 28 U.S.C. § 1332(d)(3), provides the district court with discretion to decline jurisdiction, based on the totality of the circumstances, when more than one-third of the putative class, and the primary defendant, are citizens of the state where the action was originally filed. The second clause provides that the district court "shall" decline jurisdiction over a class action where two-thirds of the putative class, and the primary defendant, are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B).

In this motion, Plaintiffs argue that the latter home state exception (more than two-thirds of the putative class) is applicable. The burden of establishing that the home state exception requires remand falls on the party seeking remand. *Adams,* 958 F.3d at 1221; *Serrano,* 478 F.3d at 1024. In order to meet the burden, the party must establish some facts in evidence, from which the district court can make findings about the citizenship of the class members at the time the action became removable. *Adams,* 958 F.3d at 1221; *Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 883 (9th Cir. 2013). Factual findings by the district court are made under a preponderance of the evidence standard. *Mondragon,* 736 F.3d at 884. The Ninth Circuit has held that while the findings must be based on more than "mere guesswork," the party's burden should

not be "exceptionally difficult to bear." *Adams,* 958 F.3d at 1221; *see King v. Great Am. Chicken Corp.,* 903 F.3d 875, 880 (9th Cir. 2018) (vacating a remand order where the parties stipulated that at least two-thirds of the putative class had last known addresses in California finding there was still guesswork in determining putative class members' domicile). Citizenship must be shown so that it is far more likely than not that the required amount of the putative class members are citizens of the state in which the action was filed. *Adams,* 958 F.3d at 1222.

To determine the citizenship of a natural person, the person must first be a citizen of the United States, then one must determine the person's domicile, not their residence. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is where she resides with the intention to remain or return. *Kanter,* 265 F.3d at 857. A person's residence establishes some evidence of domicile. *Mondragon,* 736 F.3d at 885-86. The party with the burden "may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Id.* at 885. However, a residential address does not guarantee that the person is legally domiciled in that state. *King,* 903 F.3d at 879.

The Ninth Circuit has declined to follow the approach that evidence of residence can never establish citizenship. *Mondragon,* 736 F.3d at 885.[1] Rather, the entire record should be considered to determine whether evidence of residency can establish citizenship. *Id.* at 886. District courts may make reasonable inferences from facts in evidence when making a determination about citizenship (domicile) of putative class members. *Id.* Courts have recognized that determining a person's domicile involves an analysis of a number of factors including among other things, place of employment. *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986). However, a single factor is not controlling, and other factors include: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank

---

[1] The cases use the terms "citizenship" and "domicile" interchangeably. Therefore, the Court will also adopt the interchangeable terminology. *See Adams v. West Marine Prods.,* 958 F.3d 1216, 1220 (9th Cir. 2020); *Visendi v. Bank of America, N.A.,* 733 F.3d 863, 869-70 (9th Cir. 2013); *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1023 (9th Cir. 2007); *Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 883 (9th Cir. 2013); *King v. Great Am. Chicken Corp.,* 903 F.3d 875, 880 (9th Cir. 2018).

accounts, location of spouse and family, membership in unions and other organizations, place of…business, driver's license and automobile registration, and payment of taxes." *Lew,* 797 F.2d at 750.

**III.     DISCUSSION**

**A.     The Home State Exception**

Plaintiff argues that the mandatory home state exception is applicable to this case, and the case should be remanded to state court. There is no debate that the Defendant is domiciled in California. This Court's order denying the Plaintiffs' first motion to remand found that Defendant is a resident of California. (Doc. 37 at 4.) Therefore, Defendant is domiciled in the state in which the action was filed. The only issue in this motion is whether two-thirds of the putative class members are citizens of California.

Plaintiff asserts that the citizenship requirement is met based on (1) the number of putative class members with California addresses as of July 15, 2019, and (2) that the proposed class definitions would further limit the class to persons domiciled in California. Defendants argue that the Plaintiff's evidence is insufficient to show that at least two-thirds of the putative class is domiciled in California.

Plaintiff's arguments fail to rise above the level of mere guesswork, and the evidence does not establish that two-thirds of putative class members are citizens of California.

*1. Citizenship based on residential addresses of class members.*

To establish citizenship, the person must first be a citizen of the United States, then their domicile not residence, must be established.

Plaintiff asks the Court to rely on *Adams* to grant the motion. In *Adams*, the plaintiff not only established that ninety percent of the class members' last known addresses were in California but provided a sworn statement from the named plaintiff, attesting that only citizens of California were hired and no foreign nationals were ever hired by the defendant. 958 F.3d at 1222-23. The sworn statement included that plaintiff, herself, was required to certify her California citizenship upon hiring, applicants were asked about citizenship, and plaintiff who was involved in the hiring process for new employees had not hired, nor had she heard of anyone,

5

1    hiring a foreign national during her course of employment. *Id.*

2    Plaintiff cannot establish citizenship (domicile) of the putative class members based on
3 their residence. First, Plaintiff has provided evidence that in July 2019, nearly 2,119, or 98.42%
4 of the putative class had California addresses based on the National Change of Address system.
5 (Doc. 42-2 at 2.) At that time, the claims administrator updated the mailing list and "found 2119
6 addresses in the state of California." *Id.* However, Plaintiff has not established that those
7 addresses are correct. For example, there is no evidence whether the mail was sent and returned
8 from these addresses identifying them as the correct addresses for the putative class members.
9 Identifying these addresses based on the National Change of Address system does not mean that
10 there has been confirmation that the addresses belong to the class member.

11    Second, even if Plaintiff had demonstrated and confirmed that 98.42% of the putative
12 class members had valid California addresses at the time of removal, Plaintiff has not
13 demonstrated that those class members are domiciled in California. Defendant's declaration by
14 Human Resources Coordinator Kellie Shepard states that Defendant hires workers for seasonal
15 work from late August to late November, a three-month period. (Doc. 44-1 at 2.) And that
16 approximately 40% of their entire workforce is employed for that three-month period. (*Id.*)
17 Thereafter, the seasonal workers are migratory. (*Id.*) This evidence differs greatly from *Adams*,
18 where there was no evidence the workforce was migratory. The Ninth Circuit relied on a
19 declaration by the named plaintiff, which affirmed that no non-California citizens were hired, in
20 finding that it was far more likely than not that the class members were domiciled in California.
21 958 F.3d at 1222-23. In this case, there is no evidentiary support that class members with
22 California addresses are domiciled here, when many of them are seasonal workers, employed
23 with Defendant for a few months a year.

24    2. *Citizenship based on location of employment.*

25    Plaintiff also argues that citizenship can be determined by the combination of residence
26 and location of employment. Plaintiff claims that not only does the addresses of 98.42% of the
27 class lead to the presumption that those 2,119 putative class members are domiciled in California,
28 but also that their place of employment supports that argument.

1    Plaintiff is unable to establish that residence and place of employment together
2    demonstrate domicile in this case. First, the class is not limited to current employees of
3    Defendant. Former employees are included in the proposed class. Plaintiff alleges three different
4    classes each of which include "all former employees of defendants." The "non-exempt employee"
5    class and "the wage statement" class also include current defendants (Doc. 1, 36 of 80.) Plaintiff
6    has provided no evidence about how many class members are current or former employees.
7    Plaintiff's argument is only valid if all 2,119 putative class members, or more than two-thirds of
8    the total class, are current employees of Defendant. Based on the time period for which the
9    proposed classes cover[2] and the nature of the work that Defendant engages in, it would be highly
10   unlikely that all 2,119 putative class members were current employees and California citizens.

11   Second, place of employment is only one factor that may be considered in determining a
12   person's domicile. Here, the entire record does not support Plaintiff's premise. The classes consist
13   of both current and former employees who worked for Defendant for a time period from
14   approximately 2012 to the present.  It is guesswork that all these purported class members are
15   citizens of California. While this Court is entitled to make reasonable inferences about the
16   domicile of putative class members, these facts are not enough to allow the Court to make the
17   inference that Plaintiff is requesting.

18   *3. Citizenship based on the proposed class definitions.*

19   Plaintiff also argues that the proposed class definition limits the class to only California
20   domiciled class members. Plaintiff's proposed class definition defines the class as "current and
21   former employees of Defendant within the State of California." (Doc. 42 at 13.)

22   In *Mondragon* the Court declined to the find that the plaintiff met his burden of
23   establishing domicile when he relied solely on his proposed class definitions. 736 F.3d at 883.
24   There, the class was defined as persons who "purchased a vehicle in California for personal use to
25   be registered in the state of California." *Id.* The Court found that while it was sensible to

---

[2] The class definitions include a time period of four years prior to the filing of the complaint to the present.  The complaint was filed on August 27, 2016. (Doc. 1 at 15.)  Therefore, the class period covers approximately 9 years.

7

determine that at least two-thirds of the putative class may be domiciled in California, it was also likely that they were not. *Id.* The Court discussed several alternative reasons a person not domiciled in California might purchase and register a car in California, finding that based on the evidence all were equally likely.

Such is the case here. While it is sensible to believe that most people with California addresses are domiciled in California, there are plausible alternatives. Defendant has presented evidence that seasonal workers are both non-California citizens and non-United States Citizens. Seasonal Workers migrate to other seasonal jobs throughout the United States or return to their home state or country once the seasonal work concludes. (Doc. 44-1, p.2.)  Workers use California addresses when employed in California, but do not intend to remain or return to California. Based on the facts provided by both parties it would be unreasonable to infer that the 2,119 migratory employees with addresses in California are therefore domiciled in California. Plaintiff's argument may be sensible, but without confirmations that the addresses are not merely temporary to accommodate the work location, it would be merely guesswork to presume their domicile.

Plaintiff has failed to establish by a preponderance of the evidence that more than two-thirds of the putative class are domiciled in California. The Court will, therefore, recommend that Plaintiff's Motion for Remand be denied.

**B.     Plaintiff's Request for Attorneys' Fees**

In conjunction with the motion to remand, Plaintiff moves for recovery of the costs and attorneys' fees incurred in seeking remand.  (Doc. 42 at 10.)  A court remanding a case to state court has discretion to order the defendant to pay the plaintiff's costs and fees. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  Here, because the Court will recommend that the motion to remand be denied, it will likewise recommend that Plaintiff's request for attorneys' fees be denied.

**C.     Defendant's Request for Sanctions**

Defendant requests that sanctions be imposed against Plaintiff for bringing their second

motion for remand. (Doc. 44 at 7-8). Defendant provides no legal authority for imposing sanctions. However, courts have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Fink v. Gomez*, 239 F.2d 989, 991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Pipe*, 447 U.S. 752, 766 (1980)). Under the court's inherent power, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." *Id.* at 994. Conduct that is tantamount to bad faith includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

In addition, pursuant to the Court's Local Rules, this Court has the authority to impose any appropriate sanction to curtail abusive litigation tactics. *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal"), cert. denied, 516 U.S. 838 (1995); *Delange v. Dutra Constr. Co., Inc.,* 183 F.3d 916, 919 n.2 (9th Cir. 1999) (per curiam) (district courts enjoy "broad discretion in interpreting and applying their local rules").

Defendant argues that Plaintiff violated a court order. In denying the prior motion to remand, the Court cautioned both parties that "that successive motions on similar issues that were or could have been previously raised are strongly discouraged and will be looked upon with disfavor." (Doc. 41.) Plaintiff subsequently filed this motion to remand. Defendant argues that this is a violation of a court order.

The Court's statement of caution was not a specific court order but rather a warning to the parties following successive motions on a singular issue. Further, while it does appear to the Court that the Plaintiff likely had the information relied on in this motion before filing the first motion for remand, the Court declines to recommend a finding that Plaintiff acted in bad faith.

The declaration by Daniela Rojas attached to Plaintiff's second motion to remand was signed on August 6, 2019. Plaintiff brought their first motion to remand on August 8, 2019. Plaintiff had the information in her possession prior to filing the first motion to remand. But, there is no additional showing of recklessness, frivolousness, harassment, or any other improper purpose. Plaintiff should have been thorough in the first motion to remand and included all arguments, however, the Court will not recommend a finding of bad faith in this case.

### D.     Request for Continuance, Leave to Conduct Jurisdictional Discovery, and Third Motion to Remand

In conjunction with the motion to remand, Plaintiff moves for a continuance and leave to conduct jurisdictional discovery to provide a more satisfactory showing of the facts necessary for removal. (Doc. 42 at 11.) No scheduling order has been entered in this case. Once this matter is resolved, discovery on class certification will be scheduled. The Court will not recommend that this matter be continued. However, the parties may jointly request the Court set a scheduling conference while the findings and recommendations are pending.

Plaintiff has now had the opportunity file two motions for remand. Plaintiff mentions in her motion her intent to file another motion to remand.  This Court has limited resources and cannot expend those resources on repetitive motions, brought by a party in a piecemeal fashion. Such motions may subject a party to the full panoply of sanctions available to the Court. The Court cautions Plaintiff against successive motions on similar issues which could have been previously raised; they are strongly discouraged and will be looked upon with disfavor. Therefore, before filing any additional motion to remand, Plaintiff must obtain leave of Court to file another motion.  In requesting leave, Plaintiff will be limited to five (5) pages accurately summarizing Plaintiff's new arguments and evidence and explaining why the motion could not have been brought with one of the other motions. Defendant will be given leave to oppose Plaintiff's request and will limited to five (5) pages.

### IV.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED:

1. Plaintiff's motion to remand (Doc. 42) be DENIED;

2. Plaintiff's request for attorneys' fees and costs (Doc. 42 at 10) be DENIED;

3. Defendant's request for sanctions (Doc. 44 at 10) be DENIED;

4. Plaintiff's request for continuance and leave for jurisdictional discovery (Doc. 42 at 11) be DENIED; and

5. Plaintiff must obtain prior leave of Court to file another Motion to Remand.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 4, 2021**            /s/ *Barbara A. McAuliffe*           
                              UNITED STATES MAGISTRATE JUDGE

11