UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIA ALI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SETTON PISTACHIO OF TERRA BELLA INC., a California corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 1:19-cv-00959-NONE-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S SECOND MOTION TO REMAND AND RELATED REQUESTS<br><br>(Doc. No. 51) |

    Plaintiff Lilia Ali initiated this action on behalf of herself and all others similarly situated in state court against defendant Setton Pistachio of Terra Bella, Inc. asserting various wage claims and an unfair competition claim under California law. (Doc. No. 1.) Defendant removed the case from state court based on the Class Action Fairness Act ("CAFA"). (*Id.*) Plaintiff then moved to remand the case arguing that defendant's removal was untimely. (Doc. No. 7.) The court denied plaintiff's motion to remand, finding that defendant's removal was timely. (Doc. No. 37.) Less than two months after the court's denial, plaintiff moved to remand again arguing for the first time that an exception to CAFA applied. (Doc. No. 42.) The second motion was referred to a magistrate judge to issue findings and recommendations. (Doc. No. 50.) On February 4, 2021, the magistrate judge issued findings and recommendations recommending that plaintiff's second

1

motion to remand be denied and imposed a 14-day deadline for the parties to file any objections thereto.  (Doc. No. 51.)  On February 18, 2021, plaintiff filed her objections.  (Doc. No. 52.)

Plaintiff seeks remand based on the mandatory, home-state exception under CAFA, which requires district courts to decline jurisdiction over a class action if more than two-thirds of the putative class and the primary defendant are citizens of the state where the action was originally filed.  28 U.S.C. § 1332(d)(4)(B).  Here, the issue is whether plaintiff has demonstrated the two-thirds threshold by a preponderance of the evidence.  *See Adams v. W. Marine Prods.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (explaining the determination must be based on more than "mere guesswork," but the party's burden should not be "exceptionally difficult to bear").

The pending findings and recommendations concluded that plaintiff failed to carry her burden in this regard.  Plaintiff raises nine purportedly separate objections to the findings and recommendations.  All but one of plaintiff's objections fail to grapple with a key evidentiary hurdle specific to this case, cherry pick certain phrasing employed in the findings and recommendations, or some combination of the two.[1]  The gravamen of plaintiff's objections is, in essence, that the findings and recommendations erred in concluding that plaintiff had failed to show that more than two-thirds of the putative class was domiciled in California by a preponderance of the evidence—which is precisely plaintiff's final objection.  (*See* Doc. No. 52 at 10.)  At bottom, plaintiff's objections fail to address the credible piece of evidence put forth by defendant, a declaration prepared by its human resources coordinator, stating that 40% of the company's entire workforce is migratory for nine months out of the year and others are not United States citizens who work for defendant legally on temporary visas that will eventually expire.  (*See* Doc. No. 44-1 (Declaration of Kellie Shepard).)  With no contradictory evidence

---

[1] This court agrees that in one instance the findings and recommendations incorrectly characterized plaintiff's burden as requiring a showing of "[c]itizenship . . . so that it is *far more likely than not* that the required amount of the putative class members are citizens of the state in which the action was filed" for purposes of CAFA's mandatory, home-state exception.  (*See* Doc. No. 51 at 4 (emphasis added).)  Nonetheless, the findings and recommendations correctly identified plaintiff's burden elsewhere as being a preponderance of the evidence, *i.e.*, more likely than not—and that standard was correctly applied in those findings and recommendations.  (*See id.* at 8 ("Plaintiff has failed to establish by a preponderance of the evidence that more than two-thirds of the putative class are domiciled in California.").)

having been offered on this point, the findings and recommendations correctly concluded that plaintiff failed to establish by a preponderance of the evidence that more than two-thirds, or approximately 68%, of the putative class was domiciled in California.[2] (*See* Doc. No. 51 at 6 ("In this case, there is no evidentiary support that class members with California addresses are domiciled here, *when many of them are seasonal workers, employed with Defendant for a few months a year*." (emphasis added).) Given that, plaintiff's objections to the findings and recommendations for the most part downplay—or outright ignore—the Shepard declaration submitted by defendants and also misapply the case law. (*See e.g.*, Doc. No. 52 at 8 (arguing the "presumption of continuing domicile" applies without ever establishing domicile in the first place).)

Plaintiff's other objections are even less persuasive. The court will provide just two examples. Plaintiff argues that the findings and recommendations incorrectly concluded that "all" 2,119 of the putative class members were in fact "migratory" and that defendant's "seasonal workers are migratory." (Doc. No. 52 at 6.) However, the findings and recommendations did not make any conclusion one way or the other as to any of the putative class members, let alone "all" of them. (*See* Doc. No. 51 at 6.) Instead, that section of the findings and recommendations

---

[2] Plaintiff avers that the court may raise CAFA's discretionary, home-state exception *sua sponte*, (Doc. No. 52 at 11 n.1), which allows a district court to decline jurisdiction based on a one-third (as opposed to a two-third) threshold for the putative class and if doing so serves the interests of justice, 28 U.S.C. § 1332(d)(3). Assuming that exception was at issue here, the fact that 60% of the employees may be non-migratory does not mean that all 60% are domiciled in California. In *Adams*, although the plaintiff relied on the proposed class definition and a showing that 90% of the recent mailing addresses for the putative class were in California to satisfy the lower, one-third threshold under CAFA, the Ninth Circuit was primarily persuaded by plaintiff's declaration describing the onboarding process which required and/or inquired into a California residence for new hires. *See* 958 F.3d at 1222–23. Here, that type of evidence is missing. In fact, the evidence before the court in this case indicates the opposite, *i.e.*, that many employees are *not* citizens of California. As plaintiff recognizes in her objections, defendant's declaration states, "most of these seasonal employees move on to other seasonal jobs throughout the United States *or return back to their home state or country*." (Doc. Nos. 52 at 7 (emphasis added); *see also* 44-1 at ¶ 4 (Defendant "also employs workers that are not United States citizens but are working legally in the United States on temporary work visas that will expire.").) Contrary to plaintiff's argument that national citizenship is "irrelevant here," (Doc. No. 52 at 11), "[t]o be a citizen of a state, a natural person must first be a citizen of the United States[,]" *Adams*, 958 F.3d at 1221 (citation omitted). It is plaintiff's burden to show that CAFA's exception applies, which she has failed to do in light of the unrefuted evidence presented by defendant. *See id.*

merely summarized the declaration prepared by defendant's human resources coordinator. (*Id.*) The same is true for plaintiff's objection that the findings and recommendations incorrectly found that workers do not remain in or return to California after their three-month contract with defendant expires. (*See* Doc. No. 52 at 8.) That section of the findings and recommendations discussed "plausible alternatives" to plaintiff's claim that mailing addresses necessarily equated to domicile in this case given the short-term employment of many putative class members. (Doc. No. 51 at 8.) In short, these objections are without merit. It is not enough for plaintiff to point out what she believes is logical; rather, she bears an evidentiary burden to establish application of the CAFA exception, a burden she has failed to carry. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("We acknowledge that our holding may result in some degree of inefficiency by requiring evidentiary proof of propositions that appear likely on their face.").

The findings and recommendations correctly weighed the facts in this case, interpreted and applied the law, and concluded that plaintiff had failed to carry her burden in demonstrating that greater than two-thirds of the putative class were domiciled in California. Moreover, the findings and recommendations properly denied plaintiff leave to conduct jurisdictional discovery. Plaintiff's request to conduct jurisdictional discovery on its second, and likely belated, motion to remand provides no explanation as to what "pertinent" facts *defendant* might possess, given the seasonal nature of employment for many of its employees. (*See* Doc. Nos. 42 at 16; 52 at 11–12.) Because plaintiff's request to conduct jurisdictional discovery is "based on little more than a hunch that it might yield jurisdictionally relevant facts," denying her request was not an error. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Finally, the findings and recommendations denied defendant's request for imposition of sanctions against plaintiff for filing a second motion to remand. Defendant does not object to that recommendation. At this time, the court agrees that sanctions are not warranted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, this court finds that the findings and recommendations issued on February 4, 2021 are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on February 4, 2021 (Doc. No. 51) are adopted;
2. Plaintiff's motion to remand (Doc. No. 42) is denied;
3. Plaintiff's request to conduct jurisdictional discovery (Doc. No. 42) is denied; and
4. Defendant's request for sanctions (Doc. No. 44) is denied.

IT IS SO ORDERED.

Dated: __**March 30, 2021**__   _____
UNITED STATES DISTRICT JUDGE